## SHAW *vs.* LYFORD.

Where a defendant has filed his petition in bankruptcy since the action was commenced, the plaintiff will, on motion, be allowed to discontinue the action without costs.

But if the defendant should file an affidavit that the plaintiff had no cause of action, together with a plea to the merits, and security for any sum which may be recovered, *it seems* that such motion would not be granted.

ASSUMPSIT. Since the commencement of the action, the defendant had filed his petition in the district court, and been declared a bankrupt under the act of Congress passed August 19, 1841. The plaintiff now moves for leave to discontinue the action, without costs.

*Phelps,* for the plaintiff.

*W. C. Thompson,* for the defendant.

PARKER, C. J. We are of opinion that this motion is reasonable, and it is supported by authority. 8 *Cowen R.* 121, *Honeywell* vs. *Burns,* is a case directly in point.

The defendant has by his own act deprived the plaintiff

Shaw *v.* Lyford.

of any remedy against his property, if he had any; and, by his petition in the district court, he has declared himself unable to pay his debts. A discharge in bankruptcy, (if he has obtained or shall obtain one,) may be pleaded in bar of the farther maintenance of the present action; but, should such a plea be filed, the defence would thereafter proceed, not upon the ground that the plaintiff had not good cause of action when he commenced his suit, but upon the ground that the defendant, being unable to pay, had been exonerated therefrom for that reason. Surely, this is not a good reason why the plaintiff should be compelled to proceed against him; nor, if he declines to do so, why he should be subjected to costs.

Perhaps an affidavit, on the part of the defendant, that the plaintiff had no cause of action, together with a plea to the merits, and proper security for the payment of any sum which the plaintiff should recover, would alter the case.

*Motion granted.*